THIGPEN, Judge.
This is an appeal by the Commissioner of Revenue of the State of Alabama (Size-more) of the trial court’s judgment that sales taxes were not due on the sale of a computer system to a government contractor who purchased under a cost-reimbursement contract with the United States government.
After an audit, Sizemore assessed Inter-graph Corporation (Intergraph) sales taxes in the amount of $67,755.93. Sizemore asserted that the taxes were due on the sale of a three-dimensional computer-aided design (CAD) system from Intergraph to USBI Booster Production Company, Inc. (USBI-BPC). Sizemore contended that In-tergraph, as the seller, should have collected the sales taxes due from USBI-BPC. After Intergraph paid the taxes, it protested and requested a refund. The trial court held that the CAD system was actually acquired by the United States and was thereby exempt from state sales taxes under Ala.Code 1975, § 40-23-4(17). Size-more was ordered to pay a full refund of taxes to Intergraph; hence, this appeal.
The issue presented on appeal is whether the sale of the CAD system was exempt from Alabama sales taxes as a sale to the United States, or, in the alternative, exempt from sales taxes as a wholesale sale.
The purchase of the CAD system was made pursuant to the fulfillment of a “Cost-Plus-Incentive-Fee Contract” between USBI-BPC and the United States for the provision of rocket booster hardware to the United States. This contract allowed USBI-BPC to purchase items and be reimbursed by the United States when the items were delivered. Even though title to all equipment passed to the United States upon delivery by USBI-BPC, the acquisition plan USBI-BPC submitted to the United States reveals that the “major objectives of the plan are to fulfill current and future USBI-BPC engineering requirements in the most effective and timely means possible.” (Emphasis added.) This statement, along with the fact that USBI-BPC used the government-provided predecessor CAD system until it became obsolete, makes it clear that USBI-BPC intends to be the end user of the CAD system. As such, clearly USBI-BPC should be the entity responsible for sales taxes in this purchase, despite the fact that title vested with the United States. See Hamm v. Boeing Co., 283 Ala. 310, 216 So.2d 288 (1968).
Case law supports the contention that the government contractor in such a contractual situation should be liable for sales taxes. In Alabama v. King & Boozer, 314 U.S. 1, 10, 62 S.Ct. 43, 46, 86 L.Ed. 3 (1941), the United States Supreme Court held that the Alabama sales tax should be paid by “the person who orders and pays for [the tangible goods] when the sale is cash or who is legally obligated to pay for them if the sale is on credit.” In the instant case, USBI-BPC is legally obligated to pay for the CAD system. The purchase order was made directly by USBI-BPC to Intergraph, with instructions to send the original and one copy of the invoice to USBI-BPC’s accounts payable office. Accompanying this form was a document issued by the United States called a “Sub-Contract Consent”, which specifically stated:
“Consent to the placement of your purchase of your Purchase Order/Subcontract Number is hereby granted. Such consent shall not relieve the prime con *8 tractor [USBI-BPC] of any obligation under the prime contract and shall be without prejudice to any right or claim of the Government thereunder, and shall not create any obligation on the part of the Government to the vendor under this Purchase Order/Subcontract nor shall it be interpreted to constitute approval for the vendor to receive classified information.”
Nowhere in the two contracts forming the basis of the agreement between the United States and USBI-BPC is there any indication that USBI-BPC has the power to bind the credit of the United States or to enter into a contract on behalf of the United States. USBI-BPC is not acting as an agent of the United States, and thereby is not exempt from Alabama sales taxes. See, e.g., King & Boozer, supra; Hamm v. Boeing Co., 283 Ala. 310, 216 So.2d 288 (1968).
Intergraph argues that the sale to USBI-BPC is exempt from taxes as a wholesale sale or a sale for resale. In Hamm v. Boeing, 283 Ala 310, 216 So.2d 288 (1968), the property sold to a government contractor was not purchased for resale, but for use in research and development projects. The CAD system purchased by USBI-BPC in the current case was purchased for the design and testing of the solid rocket booster hardware to be delivered to the United States. The CAD system was purchased by USBI-BPC to allow the development of the object of the contract, i.e., the rocket booster hardware. According to Hamm, items purchased with the intention of being used
“even in some instances for only a brief period of time, in performing the research and development work under [such a contract], tends to establish that such purchases by the [government contractor] were not for resale, but were incidental to such research and development work....”
Hamm, 283 Ala. at 319, 216 So.2d at 297. Here, the determining factor in deciding that the CAD system was not purchased for resale is that its primary purpose is for research and development, rather than for delivery to the United States. See State v. Thiokol Chem. Corp., 46 Ala.App. 558, 246 So.2d 447 (Ala.Civ.App.1970), affirmed, 286 Ala. 739, 246 So.2d 454 (1971).
We find that the trial court did not correctly apply the law, because the instant record shows that the sale was not exempt from Alabama sales taxes either as a wholesale sale or on the grounds of governmental immunity. Therefore, the judgment of the trial court is reversed and the cause is remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.